**ON PETITON FOR REHEARING**

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4844**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVIN MARION PICKETT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00143-D-1)

Submitted:  November 18, 2021                    Decided:  December 3, 2021

Before THACKER and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed in part, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,

Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Marion Pickett pled guilty, pursuant to a written plea agreement, to two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). The district court imposed a 246-month sentence, to be followed by 5 years of supervised release. On appeal, Pickett's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Pickett filed a supplemental pro se brief. The Government moved to dismiss the appeal as barred by the appellate waiver included in Pickett's plea agreement. We dismissed in part and affirmed in part. *See United States v. Pickett*, 833 F. App'x 392 (4th Cir. 2021) (No. 18-4844).

Pickett now petitions this court for panel rehearing in light of *United States v. Rogers*, 961 F.3d 291, 296-300 (4th Cir. 2020) (holding that district court must announce all nonmandatory conditions of supervised release at sentencing hearing in order to "give[] defendants a chance to object to conditions that are not tailored to their individual circumstances"), and *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021) (explaining that a *Rogers* challenge falls outside scope of plea waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have *not* been 'imposed' on the defendant"). Pickett's written criminal judgment contained "mandatory" and "standard" conditions of supervised release, as well as "additional standard conditions of supervision." The district court did not announce two of the additional standard conditions—requiring that Pickett "shall not incur new credit charges or open additional lines of credit without approval of the probation office" and that

3

he "shall provide the probation office with access to any requested financial information"—at sentencing.

Because these two financial conditions were not orally pronounced or otherwise incorporated at sentencing but rather "appear for the first time in a subsequent written judgment," Pickett "has not been sentenced to those conditions, and a remand for resentencing is required." *Singletary*, 984 F.3d at 344. We therefore grant Pickett's petition for panel rehearing. We grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of Pickett's valid appellate waiver, and we otherwise affirm Pickett's convictions. However, we vacate his sentence and remand for resentencing.

This court requires that counsel inform Pickett, in writing, of the right to petition the Supreme Court of the United States for further review. If Pickett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pickett. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

4